**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel Benavidez DIAZ, Defendant–Appellant.**

No. 04–40114.

United States Court of Appeals, Fifth Circuit.

DECIDED: Aug. 4, 2004.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff-Appellee.

Joel Benavidez Diaz, Bastrop, TX, for Defendant–Appellant.

Before JOLLY, EMILIO M. GARZA, and PICKERING, Circuit Judges.

PER CURIAM: *

Joel Benavidez Diaz, federal prisoner # 94714–079, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. This court must examine the basis of its jurisdiction on its own motion if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). An examination of the record in this case discloses that no final judgment has been entered as a separate document as required by FED.R.CIV.P. 58. *See Baker v. Mercedes Benz of N. Am.,* 114 F.3d 57, 60 (5th Cir.1997).

If we were to treat the order of November 14, 2002, as a Rule 58 judgment, there was no timely notice of appeal filed by Diaz. Moreover, because, under the peculiar facts of this case, it would be unjust to apply the amendments to FED.R.CIV.P. 58, effective December 1, 2002, we conclude that the appeal must be dismissed pursuant to the procedure set out in *Townsend v. Lucas,* 745 F.2d 933, 934 (5th Cir.1984). *See Burt v. Ware,* 14 F.3d 256, 258–59 (5th Cir.1994). Diaz may rectify the lack of a separate document judgment by filing in the district court a motion requesting the entry of a Rule 58 judgment. *See id.* After a Rule 58 judgment is entered, a

---

new notice of appeal must be filed within the time prescribed by FED. R.APP. P. 4(a)(1). *See id.*

APPEAL DISMISSED; COA DENIED AS MOOT.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under